**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WESLEY WILLIAMS,**

                      **Plaintiff,**

v.                                                 **No. 9:21-CV-0302**

**CARL J. KOENIGSMANN, *et al.*,**

                      **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION and ORDER

**I.    INTRODUCTION**

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff asserts that defendants Carl J. Koenigsmann ("Koenigsmann"), KEPRO,[1] Timothy E. Whalen ("Whalen"), and Susan Devlin-Varin ("Devlin-Varin") were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights by failing to provide the care prescribed by his medical providers. *See generally* Dkt. No. 51 ("Am. Compl."). Koenigsmann, Whalen, and Devlin-Varin ("Defendants") move for summary judgment. *See* Dkt. No. 97. After reviewing this motion, Judge Hummel recommends that it be granted as to Koenigsmann

---

[1]In his Amended Complaint, plaintiff named "APS, The outside vendor retained by DOCCS." Dkt. No. 51 at 1. In its Answer, this defendant is identified as KEPRO. *See* Dkt. No. 58 at 1. Judge Hummel directed the Clerk of the Court to amend the caption accordingly.

1

for lack of personal involvement, and denied in all 0ther respects.  *See* Report-Recommendation and Order, Dkt. No. 100 ("Report-Recommendation" or "Rep.-Rec."). Defendants file objections to Judge Hummel's Report-Recommendation to the extent it recommends that summary judgment be denied as to Whalen and Devlin-Varin.  *See* Dkt. No. 101 ("Obj.").

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, objections that merely recite the same arguments presented to the magistrate judge are reviewed for clear error.  *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); *see Fisher v. Miller*, No. 9:16-CV-1175 (GTS/ATB), 2018 WL 3854000, at *3 (N.D.N.Y. Aug. 14, 2018)("[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."); *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)(same); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015)(same).  Likewise, "when no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Fisher*, 2018 WL 3854000, at *3 (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55,

2

72 (2d Cir. 2006) (citation omitted). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Fisher*, 2018 WL 3854000, at *3 (internal quotation marks and citations omitted).

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II.   DISCUSSION

Defendants state two primary objections. One, that Judge Hummel erred because Defendants demonstrated in their motion that plaintiff failed to establish personal involvement on behalf of Whalen and Devlin-Varin. Two, that Judge Hummel erred because Defendants demonstrated in their motion that plaintiff failed to establish a valid deliberate indifference claim against defendants Whalen and Devlin-Varin. Substantively, these arguments are the same as presented to Judge Hummel. Therefore, without demonstrating that Judge Hummel applied an incorrect standard, or missed or misapplied relevant evidence, the Court applies a clear error review. As discussed below, the Court finds that Judge Hummel did not do any of these things. Under clear error review, the Court finds none. Further, even when conducting *de novo* review, the Court reaches the same conclusions as Judge Hummel for the reasons discussed in Judge Hummel's Report-Recommendation.

### a. Personal involvement

To the extent that Defendants object to Judge Hummel's personal involvement

determinations on the grounds that Judge Hummel improperly weighed competing facts, *see* Obj., at 2 ("The Report-Recommendation grants broad credibility to Plaintiff's conclusory statements in his Amended Complaint and deposition testimony but does not grant that same credibility to Defendants, despite their sworn declarations."), the objection is overruled. Judge Hummel acknowledged that plaintiff did not respond to the motion for summary judgment, but properly treated the Amended Complaint as appropriately verified and therefore "accept[ed] the pleading as an affidavit to the extent that the statements are based on Williams' personal knowledge." Rep.-Rec. at 3. Further, Judge Hummel examined plaintiff's deposition testimony. *See generally id.* At this stage of the case, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted). Judge Hummel properly applied the summary judgment standard whereby a court is to resolve all ambiguities and draw all reasonable inferences in favor of the nonmovant to determine whether a genuine question of material fact exists to allow the matter to proceed. Under this standard and as indicated by Judge Hummel, the moving party bears the initial burden of demonstrating the absence of disputed material facts, and, if it does so, the nonmovant must set forth facts showing a genuine issue for trial. *See* Rep.-Rec. at 11-12.

While Defendants contend that plaintiff's "conclusory allegations" of Whalen and Devlin-Varin's personal involvement in decisions affecting plaintiff's medical treatment cannot overcome their statements that they did not have direct involvement, the Court finds no error in Judge Hummel's conclusions to the contrary. *See* Rep.-Rec. at 12-16. In reaching these conclusions, Judge Hummel did not apply the incorrect standard for

4

assessing personal involvement in a §1983 action, as Defendants contend. Rather, Judge Hummel examined the record to determine whether the evidence was sufficient to show Whalen and Devlin-Varin's direct involvement in decisions to deny plaintiff surgery for his gynecomastia. *See id.*, at 12-13. To the extent that Judge Hummel noted that Whalen and Devlin-Varin failed to produce records supporting their contentions that they had no personal involvement in decisions related to plaintiff's medical treatment, these issues were brought up in the context of determining whether Defendants established the absence of genuine questions of material fact. As the Report-Recommendation makes clear, Judge Hummel was determining whether to accept the Defendants' contentions of non-involvement at face value, or whether, based on Plaintiff's evidence to the contrary, triable issues of fact existed. *See* Rep.-Rec. at 13-16. Although Defendants argue that Plaintiff's allegations of Whalen and Devlin-Varin's personal involvement are conclusory and unsupported, the Report-Recommendation makes clear that Plaintiff presented in his verified Amended Complaint and at his deposition sufficient non-conclusory allegations to withstand summary judgment. *See id.* The Court agrees with this conclusion.

Likewise, while Defendants contend that "Devlin-Varin did not provide medical treatment to Plaintiff during the time period at issue, and only investigated the grievance filed in relation to the mastectomy procedure in question," Dkt. No. 101 at 6, "Williams testified that Devlin-Varin, 'had all the information - - with her being a nurse' and failed to give the information to 'the people in Albany' thereby 'hindering [him] from getting proper treatment.'" Rep. Rec. at 14-15 (quoting Dkt. No. 97-3 at 61). Further, Williams testified at his deposition that he knew that Devlin-Varin failed to provide this information because he had "documentation" to that effect, and that Devlin-Varin had seen him "basically almost

5

days before this when she sent me out to see the specialist" and "knew the extent of my pain, and what was going on, but she failed to relay that message, injuring me from getting treatment. And everything is documented."  *Id.* at 15 (quoting Dkt. No. 97-3 at 62-63).

The Court agrees with Judge Hummel's conclusion that questions of material fact exist sufficient to deny summary judgment on this basis.  *See* Rep. Rec. at 14 ("[T]he Court finds that an issue of fact exists with respect to Whalen's involvement in various stages of the decision-making process and his personal involvement in the alleged constitutional violations."), 16 ("[A] triable issue of fact exists regarding Devlin-Varin's personal involvement in decisions related to Williams' medical treatment.").  Accordingly, Defendants' objections in this regard are overruled.

**b. Deliberate Indifference**

Whalen and Devlin-Varin both present arguments based on their declarations contending that they are entitled to summary judgment because plaintiff failed to establish valid deliberate indifference claims against them.  Whalen contends that "[a]s set forth in his sworn declaration, defendant Whalen deemed Plaintiff's mastectomy procedure to be cosmetic in nature and denied the procedure based upon this professional medical opinion."  Dkt. No. 101 at 6.  He also argues that "[i]n his declaration [he] specifically states that Plaintiff's gynecomastia condition is not a life-threatening condition and does not in and of itself cause pain," and "makes clear that there was no indication that Plaintiff was in physical pain or that his specific condition could not be treated by non-surgical means."  *Id.* at 7.  Whalen further argues that "as set forth in Defendants' underlying memorandum of law, Plaintiff had been receiving testosterone since 2009, had been prescribed pain medication, had over thirty medical appointments for his gynecomastia,

6

and was prescribed the medication Tamoxifen in an effort to treat his condition. Thus, the record makes clear that Plaintiff received adequate care in relation to his gynecomastia condition and, while Plaintiff and other medical providers may have preferred surgical intervention, this amounts to nothing more than a difference in medical opinion, which is insufficient to support a claim of deliberate medical indifference." *Id.*

Devlin-Varin argues that because she did not provide medical treatment to plaintiff "during the time period at issue, and only investigated the grievance filed in relation to the mastectomy procedure in question," "[i]t is impossible for defendant Devlin-Varin to have acted with a sufficiently culpable state of mind establishing deliberate indifference under the subjective prong with respect to care that she did not provide." *Id.* at 6.

The Court agrees with Judge Hummel's conclusion addressed to these contentions:

> [B]ased on Williams' deposition testimony and the allegations in the amended complaint, which defendants do not challenge, defendants denied plaintiff's requests for a mastectomy despite documented and repeated complaints of increased pain and overwhelming medical support for surgery from DOCCS' nurses, DOCCS' physicians, and outside specialists. Defendants argue that plaintiff's claim amounts to no more than a difference of opinion however, as discussed *supra*, the record does not contain any information related to what defendants considered in denying treatment, what factors defendants considered, or an explanation for the decision to reject Williams' requests for surgery. Rather, the record shows that defendants rejected at least two requests for surgery despite recommendations from outside specialists and Williams' prison medical providers. Moreover, defendants' contention that Williams received "adequate" treatment is unsupported by the record and largely disputed by Williams. Williams testified that he received over-the-counter Ibuprofen for his pain, Tamoxifen, which he could "not tolerate," and testosterone injections, which Williams claims was prescribed to treat a different medical condition, not gynecomastia. Dkt. No. 97-3 at 49; *see Rush v. Artuz*, No. 00-CV-3436 (LMM), 2004 WL 1770064, at *10 (S.D.N.Y. Aug. 6, 2004) (finding a question of fact as to whether the defendants' decisions to deny surgery despite recommendations were reasonable and whether treatment; i.e., the use of a wrist splint, was adequate). From the record as it presently exists, a jury could conclude that defendants acted "reflexively" and applied

> [KEPRO] recommendations without properly investigating Williams' condition "or applying [their] own medical judgment" to Williams' condition. *Cf. Watson v. Wright*, No. 9:08-CV-62 (NAM/ATB), 2011 WL 4527789, at *10 (N.D.N.Y. Aug. 4, 2011) (awarding summary judgment to the defendants where the record included "differences of opinion among the treating and consulting physicians[,]" where the defendant "became actively involved in [the] plaintiff's treatment and reviewed his medical records" and "appl[ied] his own medical judgment to the patient's particular situation"), report and recommendation adopted, 2011 WL 4528931 (N.D.N.Y. Sept. 28, 2011); *see Rodriguez v. Manenti*, 606 F. App'x 25, 28 (2d Cir. 2015) (summary order) ("a jury might draw significance from [the d]efendant's initial failure to provide any explanation for rejecting [the p]laintiff's request for surgery and determine that this denial did not amount to a mere difference of medical opinion[]"). Drawing all inferences in plaintiff's favor, there are triable issues of fact with respect to whether this case involves "more than a mere difference of opinion over the appropriate course of treatment." [*Fryman v. Traquina*, No. 07-CV-2636 (JAM/DAD), 2009 WL 5199257, at *11 (E.D. Cal. Dec. 23, 2009)] (citations omitted).
>
> Based upon the record before the Court, Williams has presented a genuine issue of fact with respect to the subjective component of the deliberate indifferent analysis. Accordingly, defendants' motion on this ground should be denied.

Rep. Rec. at 25-27.

Defendants' attempt to distinguish *Fryman* based on the record as they construe it is without merit. And even if this case is not on point, Judge Hummel provides an appropriate analysis of the deliberate indifference standard's application in this matter, to which the Court agrees.

### III. CONCLUSION

For reasons discussed above, the Court finds no clear error in Judge Hummel's Report-Recommendation. Further, when conducting *de novo* review, the Court reaches the same conclusions as Judge Hummel. Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge Hummel's Report-Recommendation (Dkt. No. 100) for the reasons stated therein. Therefore, it is hereby

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 97) is **GRANTED** as to Koenigsmann for lack of personal involvement and **DENIED** in all other respects.  Accordingly, the claims against Koenigsmann are **DISMISSED** with prejudice.  The matter can now proceed on the remaining claims.

**IT IS SO ORDERED.**

Dated: September 21, 2022

Thomas J. McAvoy
Senior, U.S. District Judge